UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GURLAL SINGH,

        Petitioner,

    v.

TODD LYONS et al.,

        Respondents.

No. 1:26-cv-01147-DAD-SCR

ORDER GRANTING PETITIONER'S PETIITON FOR WRIT OF *HABEAS CORPUS* AND DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT

(Doc. Nos. 1, 2)

On February 9, 2026, petitioner filed a petition for writ of *habeas corpus* and motion for temporary restraining order. (Doc. Nos. 1, 2.) On February 10, 2026, the court issued an order directing respondents to file an opposition in which they "substantively address whether any provision of law or fact in this case would distinguish it from this court's decisions in *Ayala Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025), *Perez v. Albarran*, No. 1:25-cv-01540-DAD-CSK (HC), 2025 WL 3187578 (E.D. Cal. Nov. 14, 2025), and other similar cases previously decided by this court, or otherwise indicate that the matter is not substantively distinguishable." (Doc. No. 4.)

/////

/////

1

On February 11, 2026, respondents filed an opposition in which they concede that they are unable to identify any substantively distinguishing facts between this case and *Ayala Cajina* or *Perez*. (Doc. No. 9 at 1.)  Nonetheless, they argue therein that petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225. (*Id.*)  In support of this argument, respondents cite to the recent decision in *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026). (*Id.* at 2.) Respondents further indicate that they do not oppose the court resolving the underlying habeas petition along with the pending motion for temporary restraining order.  (*Id.*)

Petitioner is a citizen of India who entered the United States without inspection on or about June 4, 2019, where he was detained by immigration officials and then subsequently released from custody on his own recognizance.  (Doc. No. 1 at ¶ 3.)  On July 29, 2019, petitioner filed applications for asylum and withholding of removal.  (*Id.* at ¶ 4.)  Petitioner complied with all check-ins with Immigration and Customs Enforcement ("ICE").  (*Id.* at ¶ 6.)  Despite his compliance, ICE re-detained petitioner on December 18, 2025.  (*Id.*)  There is no indication that petitioner was provided with notice, a hearing, or an explanation before he was re-detained. Petitioner has recently requested a bond hearing, but an immigration judge concluded that jurisdiction was lacking to grant the request and denied him a bond hearing.  (*Id.* at ¶ 8.)

The court has recently explained why it finds the reasoning of the majority in *Buenrostro-Mendez* to be unpersuasive.  *Iskandar Wasef v. Chestnut, et al.*, 1:26-cv-01078-DAD-JDP (HC), Doc. No. 10 (Feb. 12, 2026).  The court incorporates that reasoning here and concludes that the majority opinion in *Buenrostro-Mendez* is unpersuasive.  Additionally, the court adopts its prior reasoning in *Ayala Cajina* and *Perez* and concludes that under the circumstances presented petitioner's detention violates due process.

Accordingly, for the reasons outlined above,

1. Petitioner's petition for writ of *habeas corpus* (Doc. No. 1) is GRANTED as follows:

   a. Respondents are ORDERED to immediately release petitioner from respondents' custody under the same conditions he was subject to prior to his re-detention on or about December 18, 2025;

2

       b.     Respondents are ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner written notice and a hearing before an immigration judge where respondents will have the burden of proving that petitioner is either a flight risk or danger to the community;

       c.     Petitioner's request for attorneys' fees and costs pursuant to 28 U.S.C. § 2412 is denied without prejudice to renewal upon a properly noticed and supported motion.

2.     Petitioner's motion for temporary restraining order (Doc. No. 2) is DENIED as having been rendered moot by this order;

3.     The Clerk of the Court is directed to ENTER judgment in favor of petitioner; and

4.     The Clerk of the Court is directed to CLOSE this case.

IT IS SO ORDERED.

Dated:   **February 12, 2026**            _Dale A. Drozd_
DALE A. DROZD
UNITED STATES DISTRICT JUDGE